**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| HAROLD LEE HOLDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>THE BANK OF NEW YORK MELLON,<br><br>    Defendant. | Case No. 18-cv-02037-BLF<br><br>Bankr. Case No. 17-bk-51132<br>Advers. P. Case No. 17-ap-05066<br><br>**ORDER AFFIRMING JUDGMENT OF BANKRUPTCY COURT** |

Chapter 11 debtor Harold Lee Holden appeals the bankruptcy court's judgment in an adversary proceeding brought against Appellees the Bank of New York Mellon FKA The Bank of New York ("BONY") (as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2006-3, Mortgage Pass-Through Certificates, Series 2006-3 (the "Trust")), and BONY's servicer, Shellpoint Mortgage Servicing, (collectively, "Appellees"). Through this proceeding, Holden asked the bankruptcy court to hold that BONY's lien on Holden's residence is invalid. *See* Appellant's Excerpts of Record ("AER") 170, ¶ 5, ECF 12-1. The bankruptcy court granted summary judgment for BONY in the adversary proceeding after determining that BONY has a valid right to the lien and thus standing to enforce the lien.

The Court has considered the parties' briefing, the admissible evidence, and the relevant legal authorities. The Court finds the matter appropriate for disposition without oral argument. *See* Civ. L.R. 7-1(b). For the reasons discussed below, the judgment of the bankruptcy court is AFFIRMED.

**I. BACKGROUND**

    **A. The Note and Deed of Trust**

On November 7, 2005, Appellant Harold Lee Holden executed a promissory note (the "Note") for a loan and deed of trust (the "Deed of Trust") with lender Aegis Wholesale Corporation ("Aegis"). AER 133–38. Holden's obligations under the Note were secured by the

Deed of Trust against his residence. AER 142–63.

Though the Note was originally made payable to Aegis, an allonge was subsequently attached to the note (the "Allonge"), whereby Aegis indorsed the note to Aegis Mortgage Corporation. AER 139. Aegis Mortgage Corporation indorsed the note to Countrywide Bank. Countrywide Bank then indorsed the note to Countrywide Home Loans. Countrywide Home Loans then indorsed the note in blank. BONY now possesses the original Note, indorsed in blank via the allonge. AER 139; Appellee's Excerpts of Record ("ER") 28:14–15; ER 48:16–17.

The Deed of Trust names Aegis as the lender. The Deed also names Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. AER 143. In the section governing the transfer of rights in the property, the Deed states that "[t]he beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." AER 145. The next sentence states that "[t]he Security Instrument secures to Lender (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note, and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note." AER 145. The Deed also refers to the rights of MERS under the Deed as follows:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument.

AER 145.

On June 17, 2010, MERS assigned the Deed of Trust "together with the note or notes therein described" to BONY under a "Substitution of Trustee and Assignment of the Deed of Trust" ("MERS Assignment"), which was recorded in the official records of Santa Clara County on June 22, 2010. AER 165.

Holden subsequently defaulted on his obligations under the Note, and on March 1, 2016, BONY issued a notice of default and election to sell under the Deed of Trust. AER 201–05.

### B. The Bankruptcy

On May 11, 2017, Holden filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of California, No. 17-bk-51132-MEH. AER 170, ¶ 4; ER 59. In that proceeding, Holden scheduled his residence as an asset and the mortgage against it as a disputed secured debt. *In re Harold Lee Holden*, No. 17-bk-51132-MEH, ECF 50. BONY, as Trustee, and the Trust's loan servicer Shellpoint Mortgage Servicing ("Shellpoint") made a secured claim that included an unpaid pre-petition debt and a secured lien against Holden's residence. AER 85.

### C. The Adversary Proceedings

On August 15, 2017, Holden filed the instant adversary proceeding against BONY and Shellpoint[1] "to have the bankruptcy court determine that the defendants could not enforce a home loan on his residence and could not foreclose." Op. Br. at 7 (citing AER 174), ECF 13. Holden asserted claims for declaratory relief under 28 U.S.C. § 2201 and to quiet title, asking the bankruptcy court to declare that "defendants had no valid lien on his property, did not own his home loan or have the right to enforce it, and that the Trust's claim in his bankruptcy was invalid and should be disallowed." Op. Br. at 8 (citing AER 172–174).

BONY and Shellpoint moved to dismiss the complaint on September 15, 2017, arguing, among other things, that they had standing to enforce the loan because they were in possession of the Note, giving them the right to enforce the Note under California Commercial Code § 3301 and to enforce the Deed of Trust that secured the Note. AER 128–130. Holden argued in opposition, in relevant part, that Appellees could not show the Note "was properly assigned to them" under § 3301 because it was indorsed in blank. AER 75. Holden also argued that Appellees could not rely on the 2010 MERS Assignment because that assignment was void. According to Holden, the Assignment was void because the deed of trust did not give MERS the power to assign the Deed and Note and because MERS no longer acted as the agent for Aegis, which had filed for bankruptcy. AER 76–78.

Both Holden and Appellees relied on documents outside the filings to support their

---

[1] He also named as a defendant Central Portfolio Control, Inc., who is not an appellee here.

3

arguments, so the bankruptcy court converted the motion to dismiss to a motion for summary judgment and allowed the parties to file additional documents in support. AER 69–70. The bankruptcy court held a hearing on the motion, and then issued an oral ruling granting summary judgment and denying Holden's request for declaratory relief and to quiet title because Appellees have a valid security interest in the loan. ER 27–51. Specifically, the bankruptcy court held Appellees have a valid interest, and thus standing, under § 3301 because they hold the Note. ER 50–51. The court declined to address whether the Appellees also have a valid interest, and thus standing, because the MERS Assignment was valid. ER 51. The court memorialized this order in a written opinion that explicitly held that Appellees have standing to enforce the Note. AER 2–3.

## II. ISSUES PRESENTED

In their simplest forms, the issues presented by Holden's appeal are:

(1) Whether Appellees have standing to enforce the Note and Deed of Trust because Appellees are in possession of the Note indorsed in blank.

(2) Whether Appellees have standing to enforce the Note and Deed of Trust because the Note and Deed were validly assigned to Appellees by MERS.

## III. JURISDICTION

This Court has jurisdiction to hear appeals "from final judgments, orders, and decrees" of bankruptcy courts. 28 U.S.C. § 158(a)(1).

## IV. STANDARD OF REVIEW

"[T]he district court functions as an appellate court in reviewing a bankruptcy decision and applies the same standards of review as a federal court of appeals." *In re Crystal Properties, Ltd., L.P.*, 268 F.3d 743, 755 (9th Cir. 2001). This Court thus "review[s] de novo the bankruptcy court's grant of summary judgment." *In re Sabban*, 600 F.3d 1219, 1221–22 (9th Cir. 2010); *see also In re Plyam*, 530 B.R. 456, 461 (9th Cir. BAP 2015). This Court also reviews de novo the bankruptcy court's determination that BONY has standing. *In re Old Canal Fin. Corp.*, 550 B.R. 519, 527 (C.D. Cal. 2016); *see Hartman v. Summers*, 120 F.3d 157, 159 (9th Cir. 1997). Finally, this Court "may affirm the decision of the bankruptcy court on any basis supported by the record." *Tomkow*, 563 B.R. at 722.

## V. DISCUSSION

The bankruptcy court concluded that Appellees have a valid right to the Note and Deed of Trust under Commercial Code § 3301 (*i.e.*, the first issue presented), so it declined to reach the question of whether Appellees have a valid right because MERS validly assigned the Note and Deed of Trust to Appellees (*i.e.*, the second issue presented). ER 51. In his brief, Holden raises several arguments that he did not raise below as to why Appellees do not have standing pursuant to § 3301. *See* Op. Br. at 21–32. Appellees argue that Holden waived these arguments by not arguing them below. *See* Resp. at 6–7, ECF 16. The Court need not determine whether these arguments are waived because, as discussed below, the Court holds that Appellees have standing to enforce the Note and Deed of Trust based on a valid assignment of those documents to Appellees by MERS.

Holden makes several arguments for why the MERS Assignment is invalid. Holden notes that MERS's authority to transfer the Deed springs from the Deed itself, because the Deed is the only contract Holden signed that mentions MERS. Op. Br. at 32. Holden argues that because the Deed is a standard deed of trust, it is an adhesion contract under California law. *See id.* at 33 (citing cases). As such, it must have clear and conspicuous language that Holden, as the weaker party to the contract, would understand as granting MERS the authority to assign the Deed and Note. *See id.* at 32–35. Holden argues the Deed does not contain clear and conspicuous language giving MERS the authority to assign the Deed and Note for several reasons.

First, it lists MERS as the beneficiary, but it does not define the term beneficiary. *Id.* at 35 (quoting AER 143). And it states that MERS is acting as "nominee" for the lender Aegis, but it does not define nominee. Mot. at 37–38. As a non-expert, Holden argues that he could not be expected to understand these terms, as is required in an adhesion contract. Second, most powers granted under the Deed—such as the power to declare a default and order a sale—are given to the lender (*i.e.*, Aegis) or trustee, not the beneficiary (*i.e.*, MERS). *Id.* at 36 (citing AER 156). Third, though the Deed says that the "Note or partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to the Borrower," it does not say who (be it Aegis, MERS, or Holden himself) can sell the Note and Deed. *Id.* at 36–37 (citing

AER 155). In fact, Holden argues, nowhere does the Deed explicitly give MERS the power to assign the Deed or Note. *Id.* at 38–40. Finally, to the extent MERS argues it is acting as the agent of Aegis, MERS's authority is prescribed as to those rights described in the "Transfer of Rights in the Property" section, which limits MERS's authority to securing both repayment of the loan and Holden's performance of his covenants and agreements. *Id.* at 40–42.[2] These rights do not include the right to assign the Deed and Note.

In opposition, Appellees argue that "California courts have repeatedly affirmed the authority of MERS, as agent and nominee for lender, to execute an assignment of [a] deed of trust." Resp. at 8 (citing cases). Holden argues in reply that none of these courts considered that standard deeds of trust are adhesion contracts, and thus subject to more stringent interpretation standards. Op. Br. at 38. "Because those cases did not discuss whether a deed of trust was an adhesion contract, they provide no support for the conclusion the deed of trust's clear language warns a borrower MERS can assign the deed." Reply at 7, ECF 24.

The Court agrees with Appellees that California courts have held that the role of MERS under deeds of trusts clearly confers upon MERS the authority to assign a deed and any associated notes. The Deed of Trust here grants MERS rights as the beneficiary of the instrument and nominee of Aegis, including the right to "exercise any of [the] interests [in the Security Instrument], including, but not limited to, the right to foreclose and sell the Property, and to take any action required of [Aegis, as Lender] including, but not limited to, releasing and cancelling this Security Instrument." AER 145. Several California courts have held that this exact language clearly and unmistakably grants MERS the right to assign the deed of trust.

In *Herrera v. Federal National Mortgage Association*, the plaintiffs argued the trial court should have granted them leave to amend their complaint in order to allege that "MERS, a nominee beneficiary, lacked authority to assign the note and deed of trust (DOT)." 205 Cal. App. 4th 1495, 1498 (2012), *disapproved of on other grounds by Yvanova v. New Century Mortg.*

---

[2] Before the bankruptcy court, Holden also argued that MERS lacked the authority to assign the note because MERS's authority as Aegis's agent terminated when Aegis declared bankruptcy. AER 77. He does not raise this argument on appeal.

6

*Corp.*, 62 Cal. 4th 919 (2016). The court held that leave to amend was not required because "courts in California have universally held that MERS, as nominee beneficiary, has the power to assign its interest under a DOT[, and] Plaintiffs granted MERS such authority by signing the DOT." *Id.* Importantly, the DOT had language identical to the Deed of Trust here: (1) it named MERS as beneficiary, acting as nominee for the lender; (2) it secured to the Lender the rights to repayment and performance of the borrower's covenants and agreements; and (3) it stated that MERS had the right to exercise any of the interests under the instrument, including the right to foreclose and sell. *Compare id.* at 1499 (DOT language) with AER 145 (Deed of Trust language). Given this express language, the court held that "plaintiffs agreed in the original DOT that MERS held the right to exercise all interests and rights held by the lender and its successors and assigns, including the right to assign the DOT and to foreclose on plaintiffs' property." *Id.* at 1504.

Likewise, in *Fontenot v. Wells Fargo Bank, N.A.*, the deed listed MERS as a beneficiary and nominee of the lender and included identical language concerning MERS's rights under the instrument as the Deed of Trust here and the deed in *Herrera*. 198 Cal. App. 4th 256, 261–62 (2011). The plaintiff argued in opposition to a demurrer that MERS did not have the authority to assign a promissory note under the deed of trust "because it was merely a nominee of the lender and had no interest in the note." *Id.* at 269–270. The court concluded that "the allegation that MERS was merely a nominee is insufficient to demonstrate that MERS lacked authority to make a valid assignment of the note on behalf of the original lender." *Id.* at 271. The court also held that the deed's language made clear that "MERS may exercise the rights and obligations of a beneficiary of the deed of trust, a role ordinarily afforded the lender"—an interpretation that was confirmed by "[o]ther statements in the deed of trust regarding the role of MERS." *Id.* at 273. Ultimately, "there [was] nothing ambiguous or unusual about the legal arrangement."

Thus, at least two California courts have held that the language in the Deed of Trust here clearly and unmistakably grants MERS the authority to assign the Deed of Trust. Numerous other courts have confirmed the right of MERS to assign a deed of trust. *See, e.g.*, *Benham v. Aurora Loan Servs.*, No. C-09-2059 SC, 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009); *Siliga v. Mortg. Elec. Registration Sys., Inc.*, 219 Cal. App. 4th 75, 83 (2013) ("California courts have held

that a trustor who agreed under the terms of the deed of trust that MERS, as the lender's nominee, has the authority to exercise all of the rights and interests of the lender . . . is precluded from maintaining a cause of action based on the allegation that MERS has no authority to exercise those rights.").

Because this language is clear and unmistakable, and this legal arrangement is "unambiguous," Plaintiff's argument that the Deed must be clearer because it is an adhesion contract is unavailing. Though neither the *Fontenot* court nor the *Herrera* court discussed the relevance of the law of adhesion contracts, their holdings are still controlling. Assuming the Deed of Trust is an adhesion contract,[3] these courts instruct that the language therein is unambiguous and sufficient to inform the borrower that he is agreeing that MERS can assign the Deed.

As to the Note, through the Assignment MERS expressly assigned "all beneficial interest under the certain Deed of Trust," including the land "[t]ogether with the note or notes . . . described [in the Deed]." AER 165. The note described in the Deed is the Note here. AER 144. Thus, the Note was expressly assigned by MERS with the Deed (as in *Herrera*), pursuant to MERS' authority as Aegis's nominee.

For these reasons, the Court holds that MERS had the authority to and did validly assign the Deed of Trust and the Note to BONY. As such, BONY has standing to enforce the loan on Holden's residence.

## VI. ORDER

The judgment of the bankruptcy court is AFFIRMED. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 5, 2019

BETH LABSON FREEMAN
United States District Judge

---

[3] Holden did not make this argument below, present any evidence in support of it (besides the Deed itself), or allege any relevant facts in his Complaint. *See* AER 76–77, 170–71. Context and facts are often required to determine whether a contract is an adhesion contract. *See Powell v. Cent. Cal. Fed. Sav. & Loan Assn.*, 59 Cal. App. 3d 540, 551 (1976). Though the Court need not decide as much, Holden likely waived any argument that this is a contract of adhesion.